UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

-------------------------------------------------------------------------------------------------------

Journay Financial Services, LLC; and 3C, LLC,

Plaintiffs,

v.

Vapor Unlimited, LLC; and Jane Doe and/or John Doe, Numbers 1–10,

Defendants.

No. 8:23-cv-189

_____

**PLAINTIFFS' COMPLAINT**
AND DEMAND FOR A JURY TRIAL
_____

Plaintiffs Journay Financial Services, LLC ("Journay"), a Delaware limited liability company, and 3C, LLC ("3C"), a Colorado limited liability company, by counsel, for their Complaint against Defendants Vapor Unlimited, LLC, and Jane Doe and/or John Doe, numbers 1-10, as follows:

**Parties and Jurisdiction**

1. Plaintiff Journay Financial Services, LLC, is a Delaware limited liability company with its principal place of business in Hamilton County, Indiana.

1

2. Plaintiff Journay is the owner of U.S. Trademark Registration No. 6,232,110 for the trademark "3CHI" and U.S. Trademark Registration No. 6,232,111 for the trademark mark (collectively the "3CHI marks").

3. At all times material hereto, Plaintiff Journay licensed the 3CHI marks to Plaintiff 3C.

4. Plaintiff 3C is a Colorado limited liability company with its principal place of business in Indiana.

5. 3C is a manufacturer of various products containing delta-8 tetrahydrocannabinol and/or other cannabinoids, which are branded as 3CHI products, including with the 3CHI marks ("3CHI Products").

6. Defendant Vapor Unlimited, LLC ("Vapor Unlimited") is a company with its principal place of business located at 730 South Dale Mabry Highway, Tampa, Florida, 33609.

7. According to the Florida Office of Secretary of State, Vapor Unlimited's Registered Agent for service of process is Dickens Wealth Management LLC, 9100 Conroy Windermere Road, Suite 200, Windermere, Florida 34786.

8. According to the Florida Office of Secretary of State, Vapor Unlimited's Officer is Trevor Campbell at 32733 Eiland Boulevard, #102, Wesley Chapel, Florida, 33544.

9. Defendant Vapor Unlimited owns and operates several retail stores, including Smoke & Vape Shop Unlimited in Lakeland, Florida, which sell and distribute products containing cannabinoids, including delta-8 tetrahydrocannabinol ("Smoke & Vape Products").

10. Defendants Jane Doe and/or John Doe, Numbers 1-10, are manufacturers, marketers, distributors, and sellers of products containing delta-8 tetrahydrocannabinol and other cannabinoids, including but not limited to the Smoke & Vape Products.

11. Defendants are manufacturers, marketers, distributors and sellers of products containing delta-8 tetrahydrocannabinol and other cannabinoids that are the subject of this action.

12. Defendants conduct business in the State of Florida, in the Middle District of Florida through the sale, distribution and/or supply of products containing delta-8 tetrahydrocannabinol that are the subject of this action.

13. This Court has personal jurisdiction over the Defendants because they are doing business within the judicial district and because they caused harm in this judicial district.

14. This action arises under the trademark laws of the United States and the laws of unfair competition. It is brought pursuant to Section 32(l) and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114(l) and 1125(a); Florida statutory law; and, the common law for trademark infringement, unfair competition and deceptive trade practices.

15. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a) and (b), and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

16. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c) because Defendant Vapor Unlimited resides in this judicial district and because the Doe Defendants are subject to personal jurisdiction in this district.

## Allegations Common to All Counts

17. 3C has sold its 3CHI Products under the trademarks 3CHI and ⬢ in interstate commerce in the United States.

18. The 3CHI marks are the subject of U.S. Trademark Registration Nos. 6,232,110 and 6,232,111 in the United States Patent and Trademark Office, dated December 29, 2020. A copy of United States Patent and Trademark Registration Nos. 6,232,110 and 6,232,111 are attached as Exhibits A and B.

19. Since at least December 20, 2018, Plaintiff 3C has used the 3CHI marks in interstate commerce in the United States, including in Florida, to identify and distinguish its products from the products provided by others.

20. 3C has spent and continues to spend money using, advancing, promoting, and advertising the 3CHI marks and the products sold thereunder and, as a result of such advertising and of the reputation of 3C's products, the 3CHI marks have attained substantial goodwill among consumers.

21. As a result of the long-standing distribution and sales of its products, as well as the use of the 3CHI marks in connection with the sale and offering for sale of its products, 3C's products have earned commercial success, recognition, and acceptance in the marketplace. As a result, in additional to its registered 3CHI marks, 3C has also acquired extensive common law rights in the 3CHI marks.

22. The 3CHI marks and the goodwill of the business associated therewith are of inestimable value to 3C.

23. Defendant Vapor Unlimited is a marketer, distributors and seller of counterfeit products, including products containing delta-8 tetrahydrocannabinol, using the 3CHI marks ("Counterfeit 3CHI Products"). Samples of the Counterfeit 3CHI Products are attached as Exhibit C.

24. Defendant Vapor Unlimited marketed, distributed and sold Counterfeit 3CHI Products, to customers, including retailers, from its website at https://www.facebook.com/people/Smoke-and-vape-shop-unlimited-south-lakeland/100075905512295/.

25. Defendant Vapor Unlimited marketed, distributed and sold Counterfeit 3CHI Products, to customers, including retailers, from its business located at 4903 US Hwy 98 N, Lakeland, Florida.

26. Defendants Jane Doe and/or John Doe, Numbers 1-10, are manufacturers, marketers, distributors and sellers of Counterfeit 3CHI Products.

27. Defendants' Counterfeit 3CHI Products offered and sold using the 3CHI marks are identical, or substantially identical, to 3CHI Products sold under the 3CHI marks.

28. The Counterfeit 3CHI Products manufactured, marketed, distributed and sold by Defendants using the 3CHI marks are the same type of products manufactured, distributed and sold by 3C, including its 3CHI Products.

29. 3CHI Products and Defendants' Counterfeit 3CHI Products are marketed through the same channels of trade and to the same consumers.

30. Defendants' Counterfeit 3CHI Products are not 3CHI's products, and Defendants do not have the sponsorship, consent, approval, or certification of 3C to use its 3CHI marks or any confusingly similar marks or trade names in the United States.

31. Defendants continue to manufacture, market, distribute and sell Counterfeit 3CHI Products.

32. As the Defendants have continued their infringing activity, Defendants are acting willfully by selling, distributing and manufacturing Counterfeit 3CHI Products and are infringing upon 3C's rights.

33. Defendants' willful use of the 3CHI marks falsely creates the impression that Defendants' Counterfeit 3CHI Products are affiliated with 3C, and constitutes willful trademark infringement and unfair competition.

34. Defendants' unfair competition and infringement demonstrate intentional, willful, and bad faith attempts to deceive or to create mistake or confusion in the minds of 3C's customers and potential customers and of the public, to trade on 3C's goodwill, to palm off Defendants' Counterfeit 3CHI Products as those of 3C, and to create the false impression of a connection, affiliation, association, sponsorship, or approval of, or between 3C and the Defendants, all causing irreparable injury to Plaintiffs.

35. Plaintiffs have no adequate remedy at law.

36. Defendants have been unjustly enriched by their infringing and unfair activities and Plaintiffs are entitled to an accounting for all of Defendants' profits derived from the infringing sales.

37. By reason of Defendants' activities, Plaintiffs have suffered substantial actual damages for injury to its goodwill and reputation, dilution of the distinctive quality of the trademark, and injury to its relationships with customers.

38. Because of Defendants' bad faith and intentional and willful infringement, unfair competition, and deceptive trade practices, Plaintiffs are entitled to recover punitive damages to deter Defendants from repeating their unlawful activities, as well as an award of attorneys' fees and costs of this action.

## Count I
## Federal Trademark Infringement

39. Plaintiffs re-assert and re-allege each and every allegation contained in paragraphs 1 through 38, as if set forth fully herein.

40. Defendants' willful use of the 3CHI marks in commerce infringe Plaintiffs' rights in the federally registered trademarks 3CHI and in violation of 15 U.S.C. § 1114(1).

41. By reason of Defendants' bad faith and willful infringement, Plaintiffs are entitled to recover actual damages, treble damages, an accounting for profits, attorneys' fees, and the costs of this litigation pursuant to 15 U.S.C. § 1117.

## Count II
## False Designation of Origin

42. Plaintiffs re-assert and re-allege each and every allegation contained in paragraphs 1 through 41, as if set forth fully herein.

43. Defendants' intentional and unlawful use in commerce of the 3CHI marks constitute a false designation of origin, false description, and false representation that Defendants and its Counterfeit 3CHI Products are sponsored by, authorized by, or affiliated with 3C.

44. Defendants' willful actions are calculated to cause actual confusion and are likely to cause confusion or mistake among purchasers as to the true origin, source, sponsorship, or affiliation of Defendants' Counterfeit 3CHI Products with 3CHI Products in violation of 15 U.S.C. § 1125(a).

45. Plaintiffs are entitled to recover actual and treble damages, reasonable attorneys' fees, and the costs of this litigation pursuant to 15 U.S.C. § 1117.

## Count III
## Florida Deceptive and Unfair Trade Practices Act

46. Plaintiffs re-assert and re-allege each and every allegation contained in paragraphs 1 through 45, as if set forth fully herein.

47. Defendants' use of 3CHI marks in the marketing of its Counterfeit 3CHI Products and any and all other uses of the 3CHI marks constitute a violation of Fla. Stat. Ann. § 501.204 in that it was an unfair and deceptive act or practice in the conduct of any trade or commerce, which had the capacity, tendency or likelihood to mislead, deceive or cause confusion to consumers as to the source of the products rendered and sold by Defendants, and an unfair method of competition that was deceptive, immoral, unethical, oppressive, unscrupulous, or substantially injurious.

48. Defendants' use of the 3CHI marks in the marketing of its Counterfeit 3CHI Products and any and all other uses of the 3CHI marks further constitutes intentional and willful conduct.

49. As a result of Defendants' conduct, Plaintiffs have suffered irreparable harm for which there is no adequate remedy at law.

50. As a result of Defendants' conduct, Plaintiffs have also suffered actual damages.

51. Plaintiffs are entitled to an injunction against the manufacture, marketing, distribution and sale of Counterfeit 3CHI Products, to recover treble damages, actual damages, reasonable attorneys' fees, and the costs of this litigation, and all other remedies available under Florida law.

## Count IV
## Common Law Trademark Infringement

52. Plaintiffs re-assert and re-allege each and every allegation contained in paragraphs 1 through 51, as if set forth fully herein.

53. Plaintiffs have used the 3CHI marks in connection with 3CHI Products long before Defendants' first use of the 3CHI marks with its Counterfeit 3CHI Products.

54. Defendants' use of the 3CHI marks in connection with its Counterfeit 3CHI Products constitutes an infringement of Plaintiffs' common law rights in the 3CHI marks.

55. Defendants' other uses of the 3CHI marks further constitute intentional and willful conduct.

56. As a result of Defendants' conduct, Plaintiffs have suffered irreparable harm for which there is no adequate remedy at law.

57. As a result of Defendants' conduct, Plaintiffs have also suffered actual damages.

58. Plaintiffs are entitled to an injunction against the sale, distribution and manufacture of Counterfeit 3CHI Products, to recover actual damages, reasonable attorneys' fees, and the costs of this litigation, and all other remedies available under Florida law.

## Count V
## Common Law Unfair Competition

59. Plaintiffs re-assert and re-allege each and every allegation contained in paragraphs 1 through 57, as if set forth fully herein.

60. Defendants have manufactured, marketed, distributed, sold and offered for sale their products under the 3CHI marks in violation of Plaintiffs' rights in the 3CHI marks.

61. Defendants took on such use of 3CHI marks for the purpose of trading upon Plaintiffs' goodwill and reputation and the passing off of such products as those of Plaintiffs.

62. Defendants' actions constitute infringement of Plaintiffs' common law rights and improper and unfair competition.

63. Defendants' use of the 3CHI marks further constitute intentional and willful conduct.

64. As a result of Defendants' conduct, Plaintiffs' have suffered irreparable harm for which there is no adequate remedy at law.

65. As a result of Defendants' conduct, Plaintiffs have also suffered actual damages.

66. Plaintiffs are entitled to an injunction against the sale, distribution and manufacture of Counterfeit 3CHI Products, to recover actual damages, reasonable attorneys' fees, and the costs of this litigation, and all other remedies available under Florida law

## Prayer for Relief

WHEREFORE, Plaintiffs pray that this Court award the following relief:

1. A permanent injunction enjoining and restraining Defendants, their associates, agents, servants, employees, officers, directors, representatives, successors, assigns, attorneys and all persons in active concert or participation with them who learn of the injunction through personal service or otherwise (1) from using the 3CHI marks or any other term confusingly similar thereto or a colorable imitation thereof anywhere in the United States in connection with products similar or identical to 3CHI's products, (2) from representing by words or conduct that Defendants or its products are authorized, sponsored, endorsed, or otherwise connected with 3C or 3CHI, and (3) any other conduct which causes, or is likely to cause, confusion, mistake, deception, or misunderstanding as to the source, affiliation, connection or association of 3C's products;

2. An accounting and judgment against Defendants for (1) all profits received from the sale of the Counterfeit 3CHI Products, (2) damages sustained by Plaintiffs on account of Defendants' trademark infringement, false designation of origin, unfair and deceptive trade practices, and unfair competition, (3) treble damages and (4) punitive damages to deter such actions in the future;

3. Plaintiffs' costs of this suit, including reasonable attorneys' fees, interest and expenses;

4. Pursuant to 15 U.S.C. § 1118, the destruction of the Counterfeit 3CHI Products and all business cards, invoices, forms, advertisements, promotional materials, packaging, products or any other materials relating to Defendants' Counterfeit 3CHI Products; and

5. Grant Plaintiffs such other and further relief as it may deem just and proper and as is warranted by the evidence.

## Jury Demand

Plaintiffs demand a trial by jury on all issues in this case other than its request for injunctive relief.

January 26, 2023.

        BARNES & THORNBURG LLP

        /s/ Brian Melendez
        _____
        Brian Melendez
        Fla. Bar No. 0103559
        Suite 2800
        225 South Sixth Street
        Minneapolis, MN 55402-4662
        Ph. 612.367.8734
        Fax 612.333.6798
        brian.melendez@btlaw.com

            in association with

        Michael D. Moon Jr. (application for
           admission pro hac vice forthcoming)
        BARNES & THORNBURG LLP
        11 South Meridian Street
        Indianapolis, IN 46204
        Ph. 317.231.7726
        michael.moon@btlaw.com

        Attorneys for Plaintiffs